UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL LUIS SANTOS,<br>   Plaintiff | CIVIL ACTION NO. 3:10-cv-1767 |
| v. | (Judge Nealon) |
| J. CAUDLE, et al.,<br>   Defendants | |

**FILED SCRANTON OCT 0 5 2012 PER ___ DEPUTY CLERK**

## MEMORANDUM

**Background**

On August 23, 2010, Plaintiff, Angel Luis Santos, an inmate currently confined in the United States Medical Center for Federal Prisons in Springfield, Missouri, filed a civil rights complaint pursuant to 28 U.S.C. § 1331. Plaintiff names as Defendants the following employees of the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), his former place of confinement: Warden B.A. Bledsoe, Chaplain Caudle, and Supervising Lieutenant Hepner. Plaintiff alleges that he "has been deprived the right to exercise his inalienable right to practice his religion" because Defendants "cancelled Plaintiff's religious diet for erroneous infraction." (Doc. 1). Additionally, Plaintiff claims that Defendant Hepner refused to supply writing paper so Plaintiff could meet his deadline and that he had not been able to access the law library. (Id.). Plaintiff alleges that he was "placed in 4 point restraints, deprived food, his scheduled doses of psychotropic meds, and use of the toilet, leaving Plaintiff to relieve himself on himself." (Id.).

On September 13, 2010, Plaintiff filed an amended complaint expanding on the issues raised in his original complaint. (Doc. 12). He further alleges a continuing deprivation of access to the courts through the denial of access to the law library, of certain computer programs, and of

the indigent postage stamp program. (Id.).

On October 14, 2010, Plaintiff filed a second amended complaint seeking to name new defendants and to raise new claims. (Doc. 17). On December 17, 2010, Defendant Caudle filed a motion to dismiss and for summary judgment directed at Plaintiff's first amended complaint based on Plaintiff's failure to exhaust administrative remedies. (Doc. 22). On September 23, 2011, this Court determined that Plaintiff failed to exhaust administrative remedies because he filed two (2) grievances concerning his religious diet after the instant action was initiated. (Doc. 55), citing Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002) (holding that exhaustion requires completion of the entire administrative-remedy process prior to filing suit). Further, this Court struck the second amended complaint from the record pursuant to Federal Rules of Civil Procedure 15(a) and 20(a). (Id.). Consequently, Defendant Caudle's motion to dismiss and for summary judgment was granted, and the remaining Defendants were afforded thirty (30) days to file an answer to the first amended complaint. (Id.).

On October 24, 2011, Defendants Bledsoe and Hepner filed a motion to dismiss and for summary judgment. (Doc. 56). They filed a brief in support and statement of facts on November 7, 2011. (Docs. 57-58). Defendants argue that Plaintiff failed to exhaust administrative remedies, did not allege any personal involvement by Defendants, failed to sufficiently plead any violation of his constitutional rights, and that Defendants are entitled to qualified immunity. (Doc. 57). Plaintiff did not file a brief in opposition or responsive statement of facts.

On April 12, 2012, this Court issued an Order finding that "Plaintiff's brief in opposition to [Defendants' motion to dismiss and for summary judgment] is now long overdue and Plaintiff has neither made an appropriate filing nor requested an additional extension of time in which to

2

do so." (Doc. 63), citing M.D. Local Rule 7.6 (providing that a brief in opposition to a motion for summary judgment and responsive statement is due within twenty-one (21) days after service of the movant's brief and that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion"). This Court advised Plaintiff that it would consider dismissing this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure if he failed to oppose the motion or otherwise communicate with the Court within twenty (20) days. (Id.); FED. R. CIV. P. 41(b) (allowing a court to dismiss an action if the "plaintiff fails to prosecute or to comply with these rules or a court order").

On April 30, 2012, Plaintiff filed a motion for a thirty (30) day extension of time to file a brief in opposition to Defendants' motion to dismiss and for summary judgment. (Docs. 65-66). Plaintiff explained that he had surgery on November 4, 2011, and was subsequently transferred to the Medical Center for Federal Prisoners. (Id., Attachment 2). Plaintiff's legal property arrived at the Medical Center on January 26, 2012. (Id.).

On May 7, 2012, Plaintiff filed a motion to appoint counsel. (Docs. 67-68). On May 18, 2012, he filed a motion for temporary restraining order and preliminary injunction. (Doc. 69). On May 29, 2012, Plaintiff filed another motion for enlargement of time to file a brief in opposition to Defendants' motion to dismiss and for summary judgment, or in the alternative, requested a stay pending appointment of counsel. (Doc. 70). The following day, Plaintiff filed a motion to appoint counsel. (Docs. 71-72). On June 4, 2012, Plaintiff filed a motion to amend the complaint. (Doc. 73).

On August 20, 2012, this Court issued an Order addressing Plaintiff's motions for an extension of time, to appoint counsel, and to amend complaint. (Doc. 74). This Court noted that

"[a]lthough his extension requests [were still] pending, Plaintiff has made no attempt to file a brief in opposition to the motion to dismiss;" nevertheless, it granted Plaintiff's enlargement motions and directed that he file an opposition brief on or before September 10, 2012. Additionally, in light of the two previous amendments to the complaint and passage of time, this Court denied his motion to amend the complaint. (Id.). Finally, this Court denied Plaintiff's motions to appoint counsel. (Id.) (discussing Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)).

More than a month has passed since the entry of that Order and Plaintiff has still failed to file a brief in opposition to Defendants' motion to dismiss and for summary judgment. Since Defendants' motion was filed almost a year ago, Plaintiff has filed six (6) different motions, including two for an extension of time, and various supporting briefs. Accordingly, he was clearly able to file an opposition brief and there is no excuse for his failure to comply with two Court Orders specifically directing him to file a brief in opposition to Defendants' motion to dismiss and for summary judgment. Defendants' motion will therefore be deemed unopposed. See M.D. L.R. 7.6.

**Standard of Review- Summary Judgment**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine

issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Id.; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. FED. R. CIV. P. 56; Celotex, 477 U.S. at 324; Matsushita Electric Industrial Co. v. Zenith Radio, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323; see also Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993).

**Facts**

From the pleadings, declarations, and exhibits submitted in the instant action, the following facts can be ascertained. See also (Doc. 55, pp. 7-10). Importantly, because Plaintiff failed to respond to Defendants' statement of facts, they are deemed admitted. See M.D. L.R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.").

On May 12, 2010, Plaintiff refused to permit staff to close his food tray slot and made threatening statements toward them. He was placed in ambulatory restraints at approximately 8:45 a.m. and taken to another cell. A few hours later, while still in restraints, Plaintiff threw a food tray through the open food slot, striking an officer. The Warden authorized the use of four-point restraints, from which Plaintiff was released the following morning. The Warden also approved a request to place Plaintiff on a sack lunch for a week due to his behavior. Plaintiff alleges that his placement on sack lunches from May 12, 2010 until May 20, 2010 violated his First Amendment right because they were non-Kosher meals. Further, Plaintiff alleges that prior to and during his placement in restraints he was denied use of a toilet and his psychotropic medication was withheld in violation of the Eighth Amendment.

Plaintiff also claims that on May 12, 2010, Defendants refused to supply him writing paper and access to the law library, which prevented him from preparing a brief to meet his deadline in a pending case, thereby denying his right of access to the courts. The case to which Plaintiff refers, however, was not dismissed for failure to file a brief. See Santos v. Gainey, No. 09-4578 (3d Cir. 2010). Rather, Plaintiff's petition for rehearing en banc was submitted to the

circuit judges, but a majority did not vote for a rehearing and his petition was denied on May 17, 2010. Id.

On June 13, 2010, Plaintiff was issued a Notification of Inmate Religious Diet Violation, stating that on June 2, 2010, Plaintiff purchased beef sausage from the commissary, a non-certified food, and that he would be removed from the Religious Diet Program on June 17, 2010, for a period of ninety (90) days. Plaintiff alleges that his First Amendment right to the free exercise of religion was violated because Defendants cancelled his religious diet for an erroneous infraction.

Next, Plaintiff alleges that he was deprived of the indigent postage stamp program as of August 5, 2010. Additionally, Plaintiff claims that because no one was available to collect administrative grievances from August 5, 2010 through August 15, 2010, due to an officer's vacation, his Fifth Amendment right to due process was violated.

### A. Grievances

This Court has reviewed Plaintiff's full administrative remedy record as of October 27, 2010. See (Doc. 28-2, Ex. 1, Attachment B). As of that date, Plaintiff had filed thirty-six (36) grievances. Of those, this Court finds that only the following grievances relate to the issues raised in the instant action: Grievance No. 578717 (access to law library); Grievance No. 595834 (writing paper); Grievance No. 599306 (psychotropic medication); Grievance No. 599309 (indigent, legal mail not sent); Grievance No. 604704 (religious diet); Grievance No. 609210 (access to law library); and Grievance No. 611168 (Kosher meals). (Id.). However, none of these administrative remedies were pursued through the final level of review before Plaintiff initiated the instant action. Specifically, Grievance No. 578717 was denied on May 19, 2010, at

the regional level and never appealed to the national level. (Id.). Grievance No. 595834 was denied on July 15, 2010, at the institutional level and not appealed to the regional level. (Id.). Grievance No. 599306 was pending on appeal at the regional level when the instant action was filed and was appealed to the national level on September 22, 2010. (Id.). Grievance No. 599309 was denied by the Warden on August 11, 2010, and appealed to the regional level on August 30, 2010. (Id.). Denial was then appealed to the national level on November 29, 2010. (Id.). Grievance No. 604704 was filed on August 27, 2010, after the instant action was initiated, and denied by the Warden on September 2, 2010. (Id.). Plaintiff appealed the Warden's response to the regional level on September 13, 2010, and appealed that denial to the national level on October 25, 2010. (Id.). Grievance No. 609210 was filed on September 30, 2010, after this case was brought, and denied on October 5, 2010. (Id.). Plaintiff's appeal to the regional level was filed on October 8, 2010, and denied five (5) days later. (Id.). Plaintiff filed an appeal to the national level on November 22, 2010. (Id.). Finally, Grievance No. 611168, filed October 18, 2010, and denied on October 21, 2010, was also pursued after the instant action was opened. (Id.). After denial at the regional level, Plaintiff filed an appeal at the national level on December 13, 2010. (Id.).

As of October 17, 2011, when Plaintiff's administrative remedy record was again searched, he had pursued forty-two (42)[1] administrative remedies to the final level of review. See (Doc. 57-2, Ex. 1, ¶ 5 and Attachment B-2). Nevertheless, at the time Plaintiff filed the instant action, on August 23, 2010, only two (2) such grievances had been appealed to the

---

[1] Notably, between October 27, 2010 and October 17, 2011, Plaintiff filed one hundred thirty-eight (138) additional grievances, totaling one hundred seventy-four (174) since the time of his incarceration. See (Doc. 28-2, Ex. 1, Attachment B); (Doc. 57-2, Ex. 1, Attachment B-2).

national level and only one (1) had received a response. See (57-2, Ex. 1, Attachment B-2); see also (Doc. 12, amended complaint filed September 13, 2010). Neither of these grievances related to the issues raised in the complaint or amended complaint. See (57-2, Ex. 1, Attachment B-2) (Grievance No. 563347 concerns Plaintiff's placement in SMU and Grievance No. 587426 addresses his request for denture adhesive).

Additionally, this Court identified a number of other grievances listed in the record dated October 17, 2011, which Plaintiff pursued to the national level regarding the issues in the instant action. See (57-2, Ex. 1, Attachment B-2). However, none of these grievances were listed in the full administrative remedy record that was pulled on October 27, 2010, which means that Plaintiff did not file any of these grievances at the institutional level until after that date, well passed the initiation of his federal law suit. Compare (Doc. 28-2, Ex. 1, Attachment B), with (Doc. 57-2, Ex. 1, Attachment B-2). Specifically, Grievance No. 613821, claiming that Plaintiff's legal mail was not sent resulting in a dismissal order, was appealed to the national level in January 2011. (Id.). Grievance No. 618268, regarding Plaintiff's religious meals, was appealed at the national level on February 14, 2011. (Id.). Plaintiff appealed Grievance No. 619541, alleging denial of access to the courts, to the national level on March 7, 2011. (Id.). Grievance No. 630033, challenging Plaintiff's time in restraints, was filed at the national level on August 26, 2011. (Id.). Finally, Plaintiff appealed Grievance No. 648454, requesting indigent postage, to the national level on September 28, 2011. (Id.).

**Discussion**

    A.    **Rule 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for

a plaintiff's failure to comply with procedural rules or orders of the court. See FED. R. CIV. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962); Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 341 (3d Cir. 1982). In deciding whether to dismiss a case pursuant to Rule 41(b), the court must consider the factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The six (6) factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868;[2] N'Jai v. Floyd, 2009 U.S. Dist. LEXIS 45130, *48-49 (W.D. Pa. 2009).

Here, Plaintiff, who is pro se, is solely responsible for not filing an opposition brief. See Colon v. Karnes, 2012 U.S. Dist. LEXIS 14692, *7 (M.D. Pa. 2012) (Kane, J.) ("Plaintiff is proceeding pro se, and thus is responsible for his own actions."). Although the initial delay was caused by Plaintiff's hospitalization and perhaps beyond his control, he has had his legal materials for approximately eight (8) months. Additionally, his requests for enlargements of time have been granted.

Second, Defendants are prejudiced by Plaintiff's inaction because they "cannot defend an action that Plaintiffs do not pursue." See Taliaferro v. Darby Twp. Zoning Bd., 2008 U.S. Dist. LEXIS 55695, *7 (E.D. Pa. 2008) (dismissing the complaint pursuant to Rule 41(b)).

Third, Plaintiff has a history of dilatoriness. The motion to dismiss and for summary judgment was filed more than eleven (11) months ago. This Court has granted two (2)

---

[2]Not all of the Poulis factors need be satisfied to dismiss a complaint. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988).

extensions of time; but, Plaintiff has still failed to file an opposition brief. See Murray v. Stickman, 2006 U.S. Dist. LEXIS 11027, *8 (W.D. Pa. 2006) (reasoning that the third Poulis factor was satisfied because the plaintiff had ignored numerous orders and deadlines despite being given multiple extensions of time).

Fourth, in light of the fact that Plaintiff has filed several other motions and briefs in the time period that his opposition brief was due, the Court finds that Plaintiff's decision not to file a brief in opposition to Defendants' motion to dismiss and for summary judgment is willful. Importantly, all ten (10) of Plaintiff's filings were prepared after this Court specifically directed him to file an opposition brief and warned him that failure to do so may result in dismissal for failure to prosecute or comply with a court order. See (Doc. 63); Crouse v. W. Leb. Twp., 2006 U.S. Dist. LEXIS 25972, *4 (M.D. Pa. 2006) (Conner, J.) (concluding, "plaintiff's failure to comply with the order of court directing him to file responses to the pending motions and advising that inaction may result in dismissal of the complaint ... constitutes willful disregard of the court's authority").

Fifth, because Plaintiff is indigent, this Court finds that alternative, monetary, sanctions would not be effective. See Dennis v. Feeney, 2012 U.S. Dist. LEXIS 7328, *5 (M.D. Pa. 2012) (Kane, J.) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"); Shilala v. SCI Albion, 2012 U.S. Dist. LEXIS 95887, *7 (W.D. Pa. 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.").

Finally, in light of the fact that this Court previously determined that Plaintiff failed to exhaust administrative remedies as it related to Defendant Caudle, despite Plaintiff's arguments regarding exhaustion as to all grievances, it is unlikely that his claim will succeed regarding the

remaining Defendants. See Pozoic v. Cumberland County Prison, 2012 U.S. Dist. LEXIS 4202, *9 (M.D. Pa. 2012) (Nealon, J.) (This Court, in analyzing the sixth Poulis factor, stated that it could not find that the complaint would be successful on the merits because the plaintiff failed to exhaust administrative remedies before bringing his claim. The complaint was dismissed pursuant to Rule 41(b).), citing Smith v. Pa. Dep't of Corr., 2011 U.S. Dist. LEXIS 113542, *28 (W.D. Pa. 2011) ("Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies."). Moreover, Plaintiff's claims are unlikely to succeed even if administrative remedies had been exhausted. First, Plaintiff's claim that his placement on sack lunches violated the First Amendment because they were non-Kosher meals is contradicted by the Warden's memo dated May 12, 2010, which states that sack lunches would not interfere with Plaintiff's dietary requirements, and by Defendants' unopposed statement of facts that a sack lunch does not include meat products. Plaintiff's contention that his First Amendment right to the free exercise of religion was violated because Defendants cancelled his religious diet for an erroneous infraction is also without merit. See Jean-Pierre v. Bureau of Prisons, 2012 U.S. Dist. LEXIS 28736, *29-43 (W.D. Pa. 2012) (awarding summary judgment to the prison on the inmate's free exercise of religion claim because the prison's decision to remove the inmate from the Certified Religious Diet Program for violating the requirements thereof was reasonably related to legitimate penological interests), adopted by, 2012 U.S. Dist. LEXIS 28737 (W.D. Pa. 2012), affirmed by, 2012 U.S. App. LEXIS 19546 (3d Cir. 2012). Next, Plaintiff's claim that he was denied use of a toilet and his psychotropic medication while in restraints is insufficient to establish a violation of the Eighth Amendment. See Young v. Beard, 2012 U.S. Dist. LEXIS 71453, *11 (W.D. Pa. 2012) (finding that the inmate's claim that he was placed in a restraint

chair, and denied food, sanitation, clothing, exercise, and medical care "simply do not show that he suffered an Eighth Amendment violation"). Plaintiff's allegation that he was denied access to the law library and to writing paper fails to allege an actual injury because his case was dismissed on other grounds. See Kelly v. York County Prison, 2008 U.S. Dist. LEXIS 81699, *5 (M.D. Pa. 2008) (McClure, J.) (citing Lewis v. Casey, 518 U.S. 343, 351-54 (1996); Bounds v. Smith, 430 U.S. 817, 821-25 (1977)). Finally, Plaintiff's claim that his Fifth Amendment right to due process was violated because no one was available to collect administrative grievances fails because "a prisoner has no constitutional right to a grievance procedure." Dickerson v. Graterford, 453 Fed. Appx. 134, 137 (3d Cir. 2011).

Consequently, the Poulis factors weigh heavily in favor of dismissing Plaintiff's amended complaint for failure to prosecute. Regardless, this Court finds that Plaintiff failed to exhaust administrative remedies and will grant Defendants' motion to dismiss and for summary judgment.

### B. Exhaustion

The Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under ... Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "[I]t is beyond the power of [any] court ... to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65,

73 (3d Cir. 2000). The PLRA mandates that inmates properly exhaust administrative remedies before filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 92 (2006); see also Rivera v. Pa. Dep't of Corr., 388 Fed. Appx. 107, 108 (3d Cir. 2010) ("An inmate must exhaust his administrative remedies **prior** to filing a civil action in federal court.") (emphasis added). Importantly, "a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 U.S. at 90-91. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

"The Bureau of Prisons has established an Administrative Remedy Procedure through which an inmate may seek formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter. This procedure applies to all inmates confined in Bureau of Prisons institutions. . . ." 28 C.F.R. § 542.10. Inmates are to informally present their complaints to the staff and the staff is to attempt to resolve the matter. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate is then to execute the appropriate form, BP-9, to bring the matter to the attention of the Warden. 28 C.F.R. § 542.14(b). The Warden is to respond to the inmate's complaint within twenty (20) days. 28 C.F.R. § 542.18. If an inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director by submitting a BP-10 form within twenty (20) days from the date the Warden

signed the response. 28 C.F.R. § 542.15. If the response of the Regional Director is not satisfactory, the inmate may then appeal, by filing a BP-11 form within thirty (30) days, to the General Counsel, which is the final administrative appeal in the Bureau of Prisons. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18 (allowing a one-time extension for response by twenty (20) days at the institutional level, thirty (30) days at the regional level, and twenty (20) at the national level). "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense that must be pled and proven by the defendants. Id. In the instant action, Defendants Bledsoe and Hepner assert that Plaintiff's amended complaint should be dismissed for his failure to exhaust administrative remedies prior to filing a federal lawsuit. Plaintiff makes a number of arguments in an attempt to excuse the exhaustion requirement. See Thrower v. United States, 2012 U.S. Dist. LEXIS 120211, *16 (M.D. Pa. 2012) (Conner, J.) ("Courts have invariably held that affirmative misconduct by prison officials, designed to impede or prevent an inmate's attempts to exhaust, may render administrative remedies unavailable."), citing Todd v. Benning, 173 F. App'x 980, 982-83 (3d Cir. 2006).

First, Plaintiff asserts that his attempts to exhaust grievances regarding his religious diet have "gone ignored." This argument is refuted by the record because at the time the instant action was initiated, Plaintiff had filed only two (2) grievances, No. 604704 and No. 611168, relating to a religious diet. (Doc. 28-2, Ex. 1, Attachment B); (57-2, Ex. 1, Attachment B-2).

15

Both grievances were considered and responses issued at all levels of review within six (6) months, thereby contradicting Plaintiff's claim that his attempts to exhaust were ignored. This Court is aware of at least one (1) other grievance that relates to his religious diet, Grievance No. 618268. Although this Court does not know exactly when it was filed, the record establishes that responses were issued at the institutional and regional levels within three and a half (3 ½) months, at most. (Id.). Regardless, none of Plaintiff's grievances were appealed through all levels of review prior to the instant action being filed. (Id.); see also Oriakhi, 165 Fed. Appx. at 993 (stating that exhaustion may not be completed after suit is filed).

Second, Plaintiff's complaints of delays or lack of responses to his grievances is not supported by his administrative remedy record. See (Doc. 28-2, Ex. 1, Attachment B). He specifically mentions grievances sent to the Warden in June, July, and August, 2010. (Docs. 1, 12). Only four (4) grievances were filed within that time frame addressing issues raised in the instant action. (Id.). Grievance No. 595834 was filed on June 25, 2010, and denied by the Warden on July 15, 2010. (Id.). Plaintiff filed Grievance No. 599306 on July 21, 2010, and it was denied two (2) days later. (Id.). Grievance No. 599309 was filed on July 21, 2010, and the Warden issued a response denying the grievance on August 11, 2010. (Id.). Finally, Plaintiff filed Grievance No. 604704 on August 27, 2010, and it was denied on September 2, 2010. (Id.). The longest response time to any of the grievances was twenty-one (21) days, for Grievance No. 599309; however, a twenty (20) day extension of time had been granted. Accordingly, the Warden's responses were timely as to all grievances. See 28 C.F.R. § 542.18 (providing that the Warden is to respond to within twenty (20) days, but the time for response may be extended by twenty (20) days). Moreover, regardless of how quickly the Warden and the Regional Director

responded, it is highly unlikely that Plaintiff would have also received a response from General Counsel, which is also required to fully exhaust administrative remedies, before filing the instant complaint on August 23, 2010.

Third, Plaintiff claims that the administrative remedy process was unavailable because he could not access the program statement; but, this does not excuse his failure to exhaust. See Woodford, 548 U.S. at 90-91 (holding, a prisoner's failure to comply with procedural rules does not excuse his failure to exhaust); Ball v. Hill, 2011 U.S. Dist. LEXIS 150525, *25 (M.D. Pa. 2011) (Carlson, M.J.) (reasoning that "an inmate's confusion regarding these grievances procedures does not, standing alone, excuse a failure to exhaust") (citing Casey v. Smith, 71 F. App'x 916 (3d Cir. 2003)), adopted by 2011 U.S. Dist. LEXIS 146662 (M.D. Pa. 2011) (Kane, J.). Notably, Plaintiff filed an inmate request to staff on August 9, 2010 regarding this issue, to which a staff member responded that it was a nationwide problem and being fixed. Accordingly, there is no evidence that Defendants intentionally impeded Plaintiff's efforts to exhaust administrative remedies. See Beaton v. Tennis, 460 Fed. Appx. 111, 114 (3d Cir. 2012) (explaining, "[a]ffirmative misconduct by prison officials designed to impede or prevent an inmate's attempts to exhaust may render administrative remedies unavailable").

Next, Plaintiff claims that no one was available to collect administrative grievances from August 5, 2010 through August 15, 2010. Even if this Court finds that this establishes the prison's affirmative misconduct, Plaintiff's failure to exhaust will not be excused because any attempt to file a grievance within weeks of initiating the instant civil action does not amount to proper exhaustion. See Woodford, 548 U.S. at 92 (mandating complete exhaust of all administrative remedies before filing suit).

17

It is clear from the record that Plaintiff failed to exhaust administrative remedies before initiating the instant action. Further, his arguments as to why he should be excused from the exhaustion requirement are not supported by the facts of this case. In light of his failure to properly exhaust all claims, the amended complaint will be dismissed.

## Conclusion

Although Defendants' motion to dismiss and for summary judgment was filed almost a year ago, Plaintiff has failed to file an opposition brief or response to the statement of facts. Accordingly, pursuant to Local Rule 7.6, Defendants' motion is deemed unopposed.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for a plaintiff's failure to comply with procedural rules or orders of the court. In two (2) Orders, this Court specifically directed Plaintiff to file a brief in opposition to Defendants' motion to dismiss and for summary judgment, but he failed to comply. All of the Poulis factors weigh in favor of dismissing Plaintiff's amended complaint for failure to prosecute. However, this Court has considered Defendants' exhaustion argument and finds that because Plaintiff failed to exhaust administrative remedies before filing this action, the motion to dismiss and for summary judgment should be granted.

A separate Order will be issued.

Date: October 5, 2012

_____
**United States District Judge**